IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:<br><br>AEARO TECHNOLOGIES LLC, ET AL.,<br><br>NICHOLAS MACIEL,<br><br>    Plaintiff,<br><br>        vs.<br><br>3M OCCUPATIONAL SAFETY LLC, AEARO HOLDING LLC, AEARO INTERMEDIATE LLC, AEARO LLC, AND AEARO TECHNOLOGIES LLC,<br><br>    Defendants | Chapter 11<br><br>Case No. 22-02890-JJG-11<br><br><br><br><br><br>Adversary Case No. 22-50068 |

**MOTION BY NICHOLAS MACIEL TO WITHDRAW
THE REFERENCE AND DEMAND FOR JURY TRIAL
(RELIEF SOUGHT FROM UNITED STATES DISTRICT JUDGE)**

Plaintiff Nicholas Maciel ("Plaintiff"), hereby moves the United States District Court for the Southern District of Indiana (the "District Court") for an order withdrawing the automatic reference, under S.D. Ind. L.R. 83-8, to the United States Bankruptcy Court for the Southern District of Indiana (the "Bankruptcy Court") of this action filed by debtors 3M Occupational Safety LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC ("Aearo Debtors"), in their Chapter 11 Bankruptcy case (the "Aearo Bankruptcy"), and submits this memorandum of law in support of such withdrawal.

**PRELIMINARY STATEMENT**

Plaintiff is one of hundreds of thousands of plaintiffs suing non-debtor 3M Company ("3M") and Debtors in federal court, related to defective duel-ended Combat Arms Earplugs Version 2 ("CAEv2") manufactured and sold by 3M and Debtors, and which caused Plaintiff and

others grievous personal injuries (*i.e.*, auditory injuries such as hearing loss and tinnitus). Plaintiff's original lawsuit was consolidated by the Judicial Panel for Multidistrict Litigation for pre-trial proceedings before the United States District Court for the Northern District of Florida (the "MDL Court"). To preserve his rights—currently under attack by Debtors and non-debtor 3M—Plaintiff has filed an Adversary Complaint against Debtors (the "Complaint") in the instant bankruptcy and now moves to withdraw the automatic reference to transmit his case to the District Court. For the reasons described herein, Plaintiff's motion should be granted.

## LITIGATION BACKGROUND

Plaintiff is a plaintiff in the CAEv2 MDL proceedings whose case is almost ready for trial. He has been deposed; undergone a Defense Medical Examination; retained a causation expert who submitted a Rule 26 report and sat for a deposition; taken the deposition of 3M and Debtors' causation expert; filed dispositive and *Daubert* motions; and filed oppositions to non-debtor 3M's dispositive and *Daubert* motions in the MDL Court. *See Maciel v. 3M Company, et al.*, 8:20-cv-47592 (N.D. Fl.). Accordingly, all that is left for Plaintiff's case to be remanded for trial is the MDL Court's resolution of the fully briefed dispositive and *Daubert* motions pending before it.

## ARGUMENT

Plaintiff's personal injury claims in this Adversary Proceeding mirror those pending before the MDL Court. "28 U.S.C. § 157(b)(5) flatly prohibits a bankruptcy court from adjudicating and liquidating personal injury claims[.]" *In re Von Volkmar*, 217 B.R. 561, 565 (Bankr. N.D. Ill. 1998) (citing *In re Matter of Grabill Corp.*, 967 F.2d 1152, 1153 (7th Cir. 1992) ("Section 157(b)(5) requires that [personal injury and wrongful death] actions be tried in the district court."); *Pettibone Corp. v. Easley*, 935 F.2d 120, 123 (7th Cir. 1991) ("Congress required bankruptcy judges to transfer personal injury claims to district judges" when it enacted 28 U.S.C. § 157(b)(5).); Rodger

2

S. Braugh, Jr., *Personal Injury and Wrongful Death Claims in Bankruptcy: The Case for Abstention*, 47 Baylor L.Rev. 151, 153 (1995) ("The provision of § 157 make one thing apparent: bankruptcy judges cannot try personal injury or wrongful death suits."))[1]  As the First Circuit explained in *Adams v. Cumberland Fams Inc.*, No. 95-1736, 1996 WL 2285657, at *3 (1st Cir. May 7, 1996), *cert denied*, 519 U.S. 964 (1996):

> Th[e] special status [afforded personal injury and wrongful death claims] apparently stems from Congress's recognition that most personal injury tort and wrongful death victims stand in a somewhat different relationship with the bankruptcy debtor because they did not voluntarily enter into dealings with the debtor (and accept the risk of loss) in the same sense as traditional bankruptcy claimants.

Plaintiff recognizes that Section 157(b)(5) is procedural and not jurisdictional. *See Stern v. Marshall*, 564 U.S. 462, 478-79 (2011). For avoidance of doubt, Plaintiff confirms that he will <u>not</u> consent to the Bankruptcy Court's jurisdiction for final adjudication of his personal injury claims,[2] and thus will be *entitled* by statute to an Article III adjudication (including trial by jury). The automatic reference therefore must be withdrawn and this matter must be transmitted back to the District Court. *See In re Volkmar*, 217 B.R. at 565 ("Therefore, if this court determines that the tort claims underlying Plaintiff's dischargeability complaint are personal injury in nature, this matter **must** be transmitted back to the District Court for a complete adjudication and

---

[1] *See also In re Passialis*, 292 B.R. 346, 348 (Bankr. N.D. Ill. 2003) ("The Court, however, lacks subject matter jurisdiction to determine the merits of or liquidate Rizzo's personal injury claim against the Debtor under 28 U.S.C. § 157(b)(5). The merits of the underlying slander claim must be tried in the district court or it may lift the automatic stay to allow the claims to be tried and liquidated in the state court.")

[2] "What constitutes a 'personal injury tort' claim for purposes of 28 U.S.C. § 157(b)(5) has relatively rarely been the subject of debate among courts. . . . An obvious and easily applied definition of 'personal injury tort' is one which only includes physical bodily injury. . . . [T]he better view is that the term 'personal injury tort' is not limited only to physical bodily harm[.]" *In re Von Volkmar*, 217 B.R. at 565-66. There can be no doubt that Plaintiff's claims for auditory injuries caused by the defective CAEv2 qualify as "personal injury tort" claims pursuant to Section 157(b)(5).

3

liquidation of the damages claimed by Plaintiff for which he seeks to hold Defendant liable.") (emphasis added).[3]

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all counts and claims in the Complaint so triable, and of any additional counts or claims in the Adversary Proceeding. Plaintiff does not consent to, and hereby expressly withholds consent to, the Bankruptcy Court conducting such trial or any portion thereof.

## LOCAL RULE S.D. IND. B-5011-1(d): DESIGNATION OF RECORD

In compliance with local rule the sole item of the record in this Adversary Proceeding to be designated is the Complaint. [Dkt. No. 1.]

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the District Court enter an order withdrawing the reference of this action to the Bankruptcy Court.

---

[3] *Cf. In re Micic*, No. AP 19-00887, 2021 WL 4304842, at *1 (Bankr. N.D. Ill. Sept. 20, 2021) ("The underlying claim is a personal injury tort. Section 157(b)(5) states that: '[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.' 28 U.S.C. § 157(b)(5). **But no parties moved to withdraw the matter**, Section 157(b)(5) is procedural. *Stern v. Marshall*, 564 U.S. 462, 479 (2011). Plaintiff seeks only a determination of nondischargeability, to which this court has the authority to decide.") (emphasis added).

4

Dated: August 12, 2022                    /s/ Ashley C. Keller

                                              Ashley C. Keller (admitted *pro hac vice*)
ack@kellerpostman.com
Nicole C. Berg (admitted *pro hac vice*)
ncb@kellerpostman.com
Ashley Barriere (admitted *pro hac vice*)
ashley.barriere@kellerpostman.com
Frank G. Dylewski (admitted *pro hac vice*)
frank.dylewski@kellerpostman.com
Amanda Hunt (admitted *pro hac vice*)
amanda.hunt@kellerpostman.com
**KELLER POSTMAN LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Telephone: (312) 741-5220
Facsimile: (312) 971-3502

*Counsel for Nicholas Maciel*

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, a copy of the foregoing NOTICE OF APPEARANCE was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.

| | |
|---|---|
| **David Agay** | dagay@mcdonaldhopkins.com |
| **Adam Arceneaux** | adam.arceneaux@icemiller.com |
| **Laura Elizabeth Baccash** | laura.baccash@whitecase.com |
| **David Bernick** | david.bernick@kirkland.com |
| **Kayla D. Britton** | kayla.britton@faegredrinker.com; |
| **Laura A DuVall** | Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov |
| **Joshua Gadharf** | jgadharf@mcdonaldhopkins.com |
| **Emily Geier** | emily.geier@kirkland.com |
| **Jeffrey A Hokanson** | jeff.hokanson@icemiller.com |
| **David Horowitz** | dhorowitz@kirkland.com |
| **Derek Hunter** | derek.hunter@kirkland.com |
| **Chad Husnick** | chusnick@kirkland.com |
| Ashley Jericho | ajericho@mcdonaldhopkins.com |
| **Micah Marcus** | mmarcus@mcdonaldhopkins.com |
| **Mark McKane** | mark.mckane@kirkland.com |
| **Brenton Rogers** | brogers@kirkland.com |
| **Edward Sassower** | esassower@kirkland.com |
| **Connor Skelly** | connor.skelly@icemiller.com |
| **Renee Smith** | rdsmith@kirkland.com |
| **Claire Stephens** | claire.stephens@kirkland.com |
| **McClain Thompson** | mcclain.thompson@kirkland.com |
| **Anne Gilbert Wallice** | anne.wallice@kirkland.com |
| **Nick Wasdin** | nick.wasdin@kirkland.com |
| **Spencer Winters** | spencer.winters@kirkland.com |
| **U.S. Trustee** | ustpregion10.in.ecf@usdoj.gov |

*/s/ Ashley C. Keller*